IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CR-40-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ROBERT LEVIE NORRIS, JR. | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for sentence modification (DE 50). The government did not respond to the motion.

On June 5, 2018, the court sentenced defendant to 48 months' imprisonment following his convictions for conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1349 and 371, and obstructing examination of a financial institution, in violation of 18 U.S.C. § 1517. At sentencing, the court did not recommend that the Federal Bureau of Prisons ("BOP") place defendant in a residential reentry center or home confinement for any portion of his custodial sentence. However, on May 14, 2019, the court granted defendant's motion for judicial recommendation for 12 months of RRC or home confinement placement.

On September 9, 2019, defendant filed the instant motion for sentence modification. Defendant requests that the court order the BOP to place him in home confinement for the remaining 16 months of his sentence.

To the extent defendant requests that the court modify his previously-imposed sentence, the court lacks authority to do so in these circumstances. See 18 U.S.C. §3582(c) (describing limited circumstances in which the court may modify a term of imprisonment after it has been

1

imposed). Pursuant to § 3582(c)(1)(A), defendant may file a motion seeking sentence modification only after fully exhausting all administrative rights to appeal within the BOP. The court may only grant such motion where (as applicable here), and "extraordinary and compelling reasons warrant" relief. 18 U.S.C. § 3582(c)(1)(A)(i). Defendant's motion does not establish that he has exhausted his administrative remedies or that extraordinary and compelling reasons require the sentence modification he seeks.

Defendant also suggests the court has authority to order home confinement under the First Step Act of 2018, Pub. L. No. 115-391, § 602, 132 Stat. 5194 (2018). Section 602 of the First Step Act amended 18 U.S.C. § 3624(c)(2), which now provides:

> (2) Home confinement authority. – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c). This provision vests authority to place defendant in home confinement with the BOP, not the courts. See Deffenbaugh v. Sullivan, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019); see also United States v. Smith, No. 6:15-CR-6-001, 2019 WL 4016211, at *2 (W.D. Va. Aug. 26, 2019); United States v. Lowe, No. 1:15-CR11-1, 2019 WL 3858603, at *2 (M.D.N.C. Aug. 16, 2019); 18 U.S.C. § 3621 (providing the BOP authority to designate inmate's place of imprisonment). Accordingly, the court lacks authority to order the BOP to place defendant in home confinement under the First Step Act.

As noted above, the court has already recommended defendant's placement in home confinement for the final 12 months of his sentence. In these circumstances, the court may not

order the BOP to do so. Accordingly, the court DENIES defendant's motion for sentence modification (DE 50).

SO ORDERED, this the 10th day of October, 2019.

LOUISE W. FLANAGAN
United States District Judge